### In re SCHLIPPENBACH, Imperial Russian Consul General.

(District Court, S. D. New York. October 27, 1908.)

EXTRADITION (§ 12*)—INTERNATIONAL—WARRANT OF ARREST.

Under Rev. St. § 5270 (U. S. Comp. St. 1901, p. 3591), which provides generally for the issuance of a warrant in extradition proceedings on a complaint under oath, a certificate of the Secretary of State that application for the extradition of the person named has been made by the foreign government is not necessary to the issuance of such warrant, even where, as in case of Russia, the treaty provides for such certificate.

[Ed. Note.—For other cases, see Extradition, Cent. Dig. § 13; Dec. Dig. § 12.*]

Extradition Proceeding. On motion to vacate warrant of arrest.

Herbert Parsons, for the motion.
Frederic R. Coudert, opposed.

HOLT, District Judge. This is a motion to vacate a warrant of arrest in an extradition proceeding. Before that warrant was issued, the Secretary of State had dismissed a previous proceeding for the

extradition of the same prisoner, without prejudice to the right of the demanding government to initiate a new proceeding. Such new proceeding was initiated by an affidavit of the Consul General of Russia at New York, charging Pouren in detail with the crimes of arson, burglary, attempt to commit murder, and murder.

The grounds upon which this motion is based are that no certificate issued by the Secretary of State of the United States, certifying that a request had been made by the imperial government of Russia for the arrest of Pouren, was produced before me upon issuing the warrant, and that no such certificate in fact was issued after the dismissal of the first proceeding. It is admitted that there was such a certificate issued at the beginning of the first proceeding. The evidence shows that after the first proceeding was dismissed an application was made to the Department of State by Mr. Kroupensky, charge d'affairs ad interim of Russia, for a new certificate for the arrest of Pouren, and that Mr. Adee, the Assistant Secretary of State, then informed Mr. Kroupensky that a new certificate for the arrest of Pouren was not necessary. A certificate having been duly issued in the original proceeding, and the Secretary of State having expressly provided that that proceeding was dismissed without prejudice to the right of the demanding government to initiate a new proceeding, I think that no new certificate was necessary, and that, if any new certificate were necessary, the provision that the then pending proceeding was dismissed without prejudice to the right of the demanding government to initiate a new proceeding was in itself substantially a certificate, or the equivalent of a certificate.

Moreover, it is well settled that no such certificate is necessary. Although the treaty with Russia provides for such a certificate, section 5270 of the Revised Statutes (U. S. Comp. St. 1901, p. 3591), provides generally that a warrant of extradition may be issued upon a complaint under oath, and the United States Supreme Court has held, in the case of Grin v. Shine, 187 U. S. 181, 23 Sup. Ct. 98, 47 L. Ed. 130, a case arising under the Russian treaty, that:

"While article 7 undoubtedly contemplates a prior certificate of the Secretary of State, the language of the article is merely permissive, and does not compel the production of such certificate before the warrant can be issued."

The motion to vacate the warrant is denied, and the matter is referred to Samuel M. Hitchcock, United States commissioner in extradition proceedings, to proceed with the hearing and take what further action is necessary in the case.